a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MITCHELL TREAUDO (#405748),       CIVIL ACTION NO. 1:17-CV-1263-P
Plaintiff

VERSUS                            JUDGE DEE D. DRELL

WARDEN DEVILLE, ET AL.,           MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Mitchell Treaudo ("Treaudo"). Treaudo has been granted leave to proceed *in forma pauperis*. (Doc. 9). At the time of filing, Treaudo was incarcerated at Winn Correctional Center in Winnfield, Louisiana ("WCC"). Treaudo complains he was denied adequate medical care at WCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.    Background

Treaudo alleges he sought treatment from a mental health physician at WCC because the medication he was taking was "causing him severe complications." (Doc. 2, p. 3). One month later, Treaudo was referred to the WCC nurse practitioner, Ms. Richardson. Defendant Richardson prescribed a different mental health medication, Risperdal, "without an adequate evaluation of Petitioner's mental health disorders."

(Doc. 2, p. 3).  Treaudo refused the change in medication because it was not prescribed by a specialist.

Treaudo claims that he has "suffered and undergone severe difficulty" because he was "denied his correct medications."

II.    Law and Analysis

A.    Treaudo's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Treaudo is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Treaudo's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Treaudo's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

2

**B.**    <u>Treaudo cannot show deliberate indifference to serious medical needs.</u>

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, (1994); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).  An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." <u>Domino v. Tex. Dep't Crim. J.</u>, 239 F.3d 752, 756 (5th Cir. 2001) (quoting <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Treaudo has not presented factual allegations indicating that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Treaudo disagrees with the treatment he received. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care.  <u>See</u> <u>Norton v. Dimanzana</u>, 122 F.3d 286, 292 (5th Cir. 1997); <u>Banuelos v. McFarland</u>, 41 F.3d 232, 235 (5th Cir. 1995); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

To the extent Treaudo complains the nurse practitioner failed to properly diagnose him, or that his treatment was otherwise inadequate, his claim fails. Even unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference.  <u>See</u> <u>Gobert</u>, 463 F.3d at 346.

3

III.    Conclusion

Treaudo has presented the best case that could be presented by him under these circumstances, and further amendment of the pleadings would serve no useful purpose.  Accepting all of Treaudo's allegations as true, **IT IS RECOMMENDED** that Treaudo's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this

___14th___ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge